R. S. BREEDEN v. A. D. GRIGG.

1. PAROL EVIDENCE. *Written instruments.* The rule that parol evidence is admissible to contradict or vary a written contract is inapplicable to cases where the contract is conditional. In such cases, parol evidence is admissible to prove the conditions, because it is only by such proof that the real character of the transaction can be .developed.

Cases cited: Perry v. Patterson, 5 Hum., 133; Evans v. Gibbs, 6 Hum., 403.

2. EQUITY. *Remedy at law.* Where a defendant at law finds that his defense is embarrassed, he may, after judgment, invoke the aid of a court of equity to set up his defense.

FROM LOUDON.

Appeal from the Chancery Court. O. P. TEMPLE, Chancellor.

RODGERS & WELCKER for complainant.

D. R. NELSON for defendant.

DEADERICK, J., delivered the opinion of the court.

This is a bill by complainants, administrator and, administratrix of Wm. Breeden, to enjoin an execution issued on a judgment against them for about $115 in favor of A. D. Grigg. The allegations are that Grigg held claim on the estate amounting to $219.23. The estate was being administered under the insolvent laws. At the solicitation of Grigg they paid him forty-five dollars, and made to him a note for $115, thus leaving still a balance not paid or provided for by note. The note for $115 was in the individual names of complainants. The claim of Grigg was there recognized and secured or provided for by note, with the distinct understanding and agreement by the parties to it that Grigg should hold the same, and not sue on it until it should be ascertained what would be due him on a final settlement of the insolvent estate, and then, if the full amount of said note should not be due him, it was to be abated. That in violation of this agreement, and of every principle of right, Grigg sued at law and recovered judgment against complainants, who made no defense at law, as the note was individual in its character; that execution was issued and levied on the land of one of complainants; that the estate is not yet closed, but it is now certain that Grigg has received his full *pro rata* in the forty-five dollars, and that he will be entitled to no more, and is entitled to collect no part of the judgment; that Grigg has no fixed abode, and has no property etc.

Grigg demurred to the bill, and assigned several causes of demurrer.

The main grounds relied on are that the note sued

·on was a written contract, which cannot · be changed or set aside by proof of an oral contract cotemporaneous with the written contract, and that complainants had an unembarrassed remedy at law.

The chancellor overruled the demurrer, and required defendants to answer.

It is insisted here, that upon the familiar principle that parol evidence is not competent to alter, vary, add to, or take from, a written contract, the demurrer ought to have been sustained.

There can be no controversy as to the correctness of the rule of evidence invoked, but the question is, whether it is applicable to the facts alleged in ·the bill. It is not denied by complainants that they signed and delivered the note for $115, but they say that it was only signed and delivered as an acknowledgement that Grigg had a valid claim against the estate, and that he was to hold it, not as a claim against them individually, until it was ascertained what would be the *pro rata* distribution going to Grigg, and then they were to be bound on the note for such *pro rata* amount. It is alleged that the note was signed and delivered, but to be binding only conditionally, and hence the legal effect of the allegation is, that the note was held by Grigg as an escrow, and that in violation of the contract under which he held it, he was seeking to enforce it before the condition on which its vitality depended had been complied with. In such case it is only by parol proof that the real character of the transaction can be developed. The cases of *Perry* v. *Patterson,* 5 Hum.,

133, and _Evans_ v. _Gibbs_, 6 Hum., 403, are illustrations of conditional executions of contracts. It follows, that the rule relied on as to the incompetency of parol proof to vary or change a written contract, has no application to the facts of this case. The chancellor was, therefore, correct in overruling the demurrer on this ground.

It is next insisted that complainant could have made his defense at law without embarrassment. It is only necessary to remark, that upon the allegations in the bill, it is not at all clear that complainants could have defended successfully against the fraud being perpetrated, on a trial at law. To say the least of it, their remedy at law was not clear and unembarrassed, and, therefore, the demurrer on that ground was properly overruled.

After the demurrer was overruled, Grigg answered, denying the material allegations of the bill, but as his oath was waived, his answer is not evidence for him. Both of the complainants were examined as witnesses, and they fully sustain the allegations of the bill, and make the real character of the transaction entirely clear.

It is manifest on this proof that the note for $115. was given not to be binding on complainants, except upon the condition that upon winding up the estate that amount should be found coming to Grigg as his _pro rata_ share. It is further shown, that although the estate is not entirely wound up, yet enough has been ascertained to know that nothing further will be due to Grigg, and, therefore, that the note for $115

Breeden *v.* Grigg.

has never become operative as a binding contract. It is further apparent, from the proof, that Grigg is making a fraudulent attempt to enforce collection of the note.

The defendant Grigg fails to testify in the case, but relies upon the testimony of two witnesses, by whom he seeks to contradict one of the complainants; but no effort is made to contradict the evidence of the other complainant, which is full and satisfactory. We think the effort to contradict one of the complainants is entitled to little consideration, as it rests upon the detail of conversations, as to which the memories of complainant and the defendant's witnesses differ in some particulars which are not of vital importance, and which do not conflict with the testimony of the two complainants on the real question at issue.

The chancellor was of opinion that the proof of complainants made out a case for relief under the allegation of the bill, and we are satisfied with the correctness of his conclusions, and affirm his decree with costs, and dismiss the petition for re-hearing.